**In re William David MILLSAPS, Debtor.**

**No. 6:06–bk–03372–ABB.**

United States Bankruptcy Court, M.D. Florida, Orlando Division.

Aug. 2, 2007.

588 (E.D.Cal.2000); *In re Mills,* 37 B.R. 832, 834–35 (Bankr.Tenn.1984); *In re Zerger,* 35 B.R. 42, 44 (Bankr.Or.1983).

William David Millsaps, pro se.

## ORDER

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This matter came before the Court on the Debtor's Motion for Rehearing of Order Dismissing Appeal (Doc. No. 103) ("Motion") filed by William David Millsaps, the *pro se* Debtor herein (the "Debtor"), requesting a rehearing of the Court's Order Dismissing Appeal (Doc. No. 99). The Order Dismissing Appeal denies the Debtor his right to appeal a previous Order entered by this Court as his Notice of Appeal was untimely filed. The Court makes the following findings and conclusions after reviewing the pleadings and being otherwise fully advised in the premises.

The Debtor has filed various motions in an attempt to avoid a judgment lien owned by Marija Arnjas. The Debtor's latest avoidance motion ("Avoidance Motion")[1] was filed on June 4, 2007. The Court denied the Debtor's Avoidance Motion by an Order entered on June 14, 2007. The Debtor subsequently filed a motion to alter the Court's Order which was treated as a timely filed motion for reconsideration ("Reconsideration Motion")[2] pursuant to Federal Rule of Civil Procedure 59(e), made applicable to bankruptcy proceedings through Federal Rule of Bankruptcy Procedure 9023. The Reconsideration Motion was denied on July 3, 2007[3] because there was no newly discovered evidence and no manifest error of law or fact pursuant to Rule 59(e). *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir.1999).

The Debtor proceeded with the filing of his Notice of Appeal on July 13, 2007. The Notice of Appeal asserts "William David Millsaps, the Debtor, appeals under 28 U.S.C. § 158(a), from the Order, (Doc. No. 93), of the bankruptcy judge denying Debtor's 'Motion to Avoid Lien of Marija Arnjas'..."[4] The Court subsequently denied the Debtor's Notice of Appeal as untimely.[5] The Debtor responded with the instant Motion.

1. Doc. No. 91. Motion to Avoid Lien of Creditor Marija Arnjas.

2. Doc. No. 95.

3. Doc. No. 96.

4. Doc. No. 98, p. 1.

5. Doc. No. 99, Order Dismissing Appeal.

Bankruptcy Rule 8002(a)[6] provides the notice of appeal shall be filed with the clerk within ten days of the date of the entry of the judgment, order, or decree appealed from. Section (b) of Rule 8002 states:

> If any party makes a timely motion of a type specified immediately below, the time for appeal for all parties runs from the entry of the order *disposing of the last such motion outstanding.* This provision applies to a timely motion: ... (2) to alter or amend the judgment under Rule 9023; (3) for a new trial under Rule 9023 ...

Fed. R. Bankr.P. 8002(b) (*emphasis added*).

The Debtor's Reconsideration Motion is within the ambit of Bankruptcy Rule 9023. The Debtor filed his Notice of Appeal within ten days of the Court's denial of the Reconsideration Motion. The Debtor's Notice of Appeal was timely filed pursuant to Bankruptcy Rule 8002.

"On motion and upon such terms are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for ... mistake, inadvertence ..." Fed.R.Civ.P. 60(b).[7] The decision to grant relief pursuant to Rule 60(b) is within the discretion of the trial court. The court that entered the order at issue attends the motion, and a hearing is not required on a Rule 60(b) matter. The Debtor's Motion is due to be granted and the Court's Order Dismissing Appeal is vacated.

Accordingly, it is

**ORDERED, ADJUDGED and DE-CREED** that the Debtor's Motion (Doc.

No. 103) is hereby **GRANTED;** and it is further

**ORDERED, ADJUDGED and DE-CREED** that the Order Dismissing Appeal (Doc. No. 99) is **VACATED.**

---

**6.** Federal Rule of Bankruptcy Procedure 8002 is an adaptation of Rule 4(a) of Federal Rules of Appellate Procedure.

**7.** Made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 9024.